

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-71,296-03

## EX PARTE CLIFTON LAMAR WILLIAMS, Applicant

## ON APPLICANT'S APPLICATION FOR A WRIT OF HABEAS CORPUS IN CAUSE NO. 114-1505-06-C FROM THE 114TH DISTRICT COURT SMITH COUNTY

YEARY, J., filed a dissenting opinion in which KELLER, P.J., and SLAUGHTER, J., joined.

### DISSENTING OPINION

Today the Court grants Applicant relief in his subsequent post-conviction application for writ of habeas corpus based upon a finding that he suffers from an intellectual disability ("ID"), and it summarily reforms his sentence from death to a term of life in the penitentiary. I do not dispute that there is substantial evidence to support Applicant's contention that he is intellectually disabled. If this was a case in which ID was being raised by necessity for the first time in post-conviction habeas corpus proceedings, in which this Court is the court of return and principal factfinder, I would concur in that disposition. But this is not such a case. Applicant's trial occurred after *Atkins v. Virginia*,

536 U.S. 304 (2002), was decided, and he raised ID at the punishment phase of trial, where the jury rejected his Eighth Amendment claim.

Now, in light of more recent jurisprudential elaborations upon the United States Supreme Court's Eighth Amendment prohibition against the execution of offenders who suffer from ID (which have been delivered since Applicant's direct appeal and the filing of his original writ application),[1] the Court's per curiam opinion today simply declares Applicant to be constitutionally ineligible for the death penalty. I dissent to the summary disposition of this claim for the same reasons I dissented to a similar disposition in *Ex parte Lizcano*, 607 S.W.3d 339 (Tex. Crim. App. 2020) (Yeary, J., dissenting).

In no previous case of which I am aware—certainly not in *Lizcano*—has the Court substantively addressed the question of what the appropriate disposition ought to be when we find that a jury's trial-level determination of an ID claim was of questionable reliability, either because of the discovery of substantial new facts bearing on the issue, or in light of subsequent Supreme Court jurisprudential development calling into question the criteria that the jury was allowed to consider. May this Court simply re-visit the ID issue *sua sponte* and make a merits determination *de novo*, as it does today? Or is the proper disposition, instead, to remand the case to the convicting court for, if not an altogether new punishment hearing before a jury, at least another jury determination of the ID issue? *See Lizcano*, 607 S.W.3d at 340–41 nn. 6 & 7. The Court has yet to explain.

---

[1] *See Moore v. Texas*, 137 S. Ct. 1039 (2017); *Moore v. Texas*, 139 S. Ct. 666 (2019).

Rather than summarily reforming Applicant's sentence to a term of life, I would file and set the cause to address these substantial unresolved questions, with additional briefing by the parties.[2] Because the Court once again refuses to do so, I respectfully dissent.

FILED:                               December 9, 2020
DO NOT PUBLISH

---

[2] That the State assents to the relief the Court grants today is of no moment. This Court is not bound by prosecutorial confessions of error, and we must independently evaluate such issues. *Saldano v. State*, 70 S.W.3d 873, 884 (Tex. Crim. App. 2002). Should we hold that a remand is the appropriate remedy and send the case back to the convicting court, the State can always opt not to seek the death penalty at that stage. TEX. PENAL CODE § 12.31(a).